```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN VASHON NICKLES, :<br>            :<br>         Plaintiff,   :     Civil Case No. 09-2795(RBK)<br>            :<br>         v.            :         **O R D E R**<br>            :           (CLOSED)<br>WARDEN E. TAYLOR, et al., :<br>            :<br>         Defendants.  :<br>            : |  |

IT APPEARS THAT:

1. On June 9, 2009, Plaintiff, Kevin Vashon Nickles, filed a § 1983 complaint alleging that he was being denied a Halal or Kosher diet by the Camden County Correctional Facility, where he was housed at the time. His complaint consisted of two sentences. First, that he was being denied the diet, and second, that the relief he sought was for the jail to recognize his diet. On his complaint, Plaintiff wrote that the docket number of his action was 08-6239; however, the Clerk of the Court assigned this filing a separate docket number.

2. In Nickles v. Taylor, 08-cv-6239 (JBS), Plaintiff raised the same issues about his religious dietary needs not being met. On March 4, 2009, that case was dismissed by Opinion and Order of the Honorable Jerome B. Simandle, of this Court. See Docket Entries 3, 4.

3. As the claims in this "complaint" have been dealt with

and decided on the merits by Judge Simandle in Nickles v. Taylor, 08-cv-6239 (JBS), this Court will not again entertain them.  The doctrine of res judicata precludes the relitigation of matters based on the same cause of action that were or could have been raised and resolved in a prior proceeding.  See Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1086 (3d Cir. 1988) (citing 1B J. Moore & J. Wicker, Moore's Federal Practice * 0.405[1] at 179 (2d ed. 1984)).  Although res judicata ordinarily is presented as an affirmative defense in a responsive pleading, a district court may raise the issue sua sponte "in the interest of judicial economy ... particularly where both actions are brought in courts of the same district."  United Home Rentals, Inc. v. Texas Real Estate Commission, 716 F.2d 324, 330 (5th Cir. 1983) (citation omitted), cert. denied, 466 U.S. 928 (1984).

    4.   A claim may be precluded under the doctrine of res judicata if three requirements are met: (1) there was a prior suit involving the same parties or their privies; (2) there was a final judgment on the merits; and (3) the subsequent suit is based on the same cause of action as the prior suit.  See Napier, 855 F.2d at 1086.  All three elements are met in this case.

    THEREFORE,

    IT IS ON THIS   15th  day of   December   , 2009;

**ORDERED** that, because the issues in the instant complaint have previously been litigated, the Clerk of the Court shall administratively terminate this matter without assessing a filing fee and close the case.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge